IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

                              Plaintiff,

ORDER

13-cv-102-bbc

    v.

RICK RAEMISCH, DANIEL WESTFIELD,
WILLIAM POLLARD, PETER ERICKSEN,
MICHAEL DELVEAUX, PATRICK BRANT,
WILLIAM SWIEKATOWSKI, PETER HUIBREGTSE,
BRIAN KOOL, SARA MASON, CRAIG TOM,
LEBBEUS BROWN, MATTHEW SCULLION,
GARY BOUGHTON, JANET GOVIER and
OTHER JOHN AND JANE DOE ACTORS
AND COCONSPIRATORS,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Mustafa-El K.A. Ajala, formerly known as Dennis E. Jones-El, has filed a lawsuit in which he challenges various actions by prison officials, dating as far back as February 2007. (A second prisoner, Kamau T.Z. Damali, was named as a plaintiff on the complaint, but I dismissed him from the case when he failed to respond to the court's two requests to submit a trust fund account statement in accordance with 28 U.S.C. § 1915. Dkt. #13.) Because plaintiff is a prisoner, I must screen the complaint to determine whether it states a claim upon which relief may be granted. 28 U.S.C. § 1915A. However, I cannot

1

yet conduct the required screening because plaintiff's complaint violates Rule 20 of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff has violated this rule by including many claims over a several year period about different events related to different prison officials, ranging from a prison transfer to use of force to harsh conditions of confinement.

Plaintiff seems to believe that he can join these different claims because they are part of a conspiracy. With respect to most of his claims, he includes a long list of defendants that he says conspired together to hurt him for various reasons, including antipathy toward African Americans and retaliation for grievances and lawsuits he filed that upset defendants. However, he includes no allegations showing that each of the defendants was involved in these decisions or that each decision was part of an elaborate plan to discriminate against him because of his race or his speech. This is a problem because "conspiracy allegations [are] often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough." Cooney v. Rossiter, 583 F.3d 967, 970–71 (7th Cir. 2009). In other words, conclusory allegations of a conspiracy are not enough because they are so easy to allege and impose a significant

burden on the defendants and the court.

Without an alleged conspiracy to hold them together, plaintiff's allegations relate to six series of transactions that belong in six separate lawsuits:

Lawsuit #1: plaintiff's placement in segregation at the Green Bay Correctional Institution and his later transfer to the Wisconsin Secure Program Facility;

Lawsuit #2: the use of force while plaintiff was being transported;

Lawsuit #3: the allegedly false conduct report plaintiff received for gang activity and planning a riot and the hearing plaintiff received on the conduct report;

Lawsuit #4: plaintiff's cell conditions while he was housed in the alpha unit;

Lawsuit #5: plaintiff's placement in administrative confinement and his continued retention in that status; and

Lawsuit #6: plaintiff's cell conditions while housed in administrative confinement.

Under George, I may apply the initial partial payment plaintiff has made to only one of the lawsuits I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuits, plaintiff has a more difficult choice. He may choose to pursue those lawsuits separately. In that case, he will be required to pay separate filing fees for each lawsuit. In addition, plaintiff may be subjected to a separate strike under 28 U.S.C. § 1915(g) for each of the separate lawsuits he pursues if the lawsuit is dismissed for failure to state a claim upon which relief may be granted. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full

filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss one or more of the other lawsuits voluntarily. If he chooses this latter route, he will not owe additional filing fees or face a strike for any lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time, so long as he files it before the statute of limitations has run.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915A. Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If plaintiff disagrees with the way the court has grouped his claims or if he believes the court has left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections in his response, but he must still comply with this order and choose which of the six lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to prosecute the case.

ORDER

1. Plaintiff Mustafa-El K.A. Ajala, formerly known as Dennis E. Jones-El, may have until July 5, 2013, to identify for the court whether he wishes to proceed with Lawsuit #1, Lawsuit #2, Lawsuit #3, Lawsuit #4, Lawsuit #5 OR Lawsuit #6 under the number assigned to this case. Plaintiff must pick one and only one of these lawsuits to proceed under case no. 13-cv-102-bbc.

2. Plaintiff may have until July 5, 2013, to advise the court of which other lawsuits he wishes to pursue under separate case numbers, if any, and which lawsuits he will withdraw voluntarily, if any.

3. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

4. For each lawsuit plaintiff chooses to pursue, he will owe a separate $350 filing fee and will be assessed an initial partial payment.

5. If plaintiff fails to respond to this order by July 5, 2013, I will enter an order dismissing the lawsuit as it presently exists without prejudice for his failure to prosecute.

Entered this 20th day of June, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge