
IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as Dennis E. Jones-El,

            Plaintiff,

   v.

WILLIAM SWIEKATOWSKI, GARY BOUGHTON,
PATRICK BRANDT, MICHAEL DELVAUX
and WILLIAM POLLARD,

            Defendants.

ORDER

13-cv-638-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Mustafa-El K.A. Ajala is proceeding on claims that various prison officials disciplined him because of his race and religion and because of a grievance he filed about prison conditions. In addition, he contends that defendants Michael Delvaux and Patrick Brandt, the hearing officers at plaintiff's disciplinary hearing, violated his right to due process because they were biased against him.

Defendants have filed a motion to dismiss plaintiff's due process claim for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Dkt. #20. In particular, defendants argue that, if plaintiff's allegations are accepted as true, then defendants Brant's and Delvaux's actions were "random and unauthorized," which means that the state could not predict the alleged misconduct because it was inconsistent with already existing state law. Michalowicz v. Village of Bedford Park, 528 F.3d 530, 535 (7th

Cir. 2008).  In that situation, a plaintiff cannot bring a claim for a due process violation unless he did not have adequate postdeprivation remedies under state law.  Id.  Defendants argue that plaintiff had adequate state law remedies because he could seek relief administratively under the inmate complaint review system and in state court through a petition for a writ of certiorari.

I am denying defendants' motion because they have failed to support it.  In particular, defendants do not cite any state law that would have allowed plaintiff to challenge his disciplinary hearing on the ground that the hearing officers were biased.  The only state law defendants cite is Wis. Admin. Code § DOC 303.82(2), which prohibits an individual from sitting as a hearing officer if he or she had "substantial involvement in an incident [that] is the subject of [the] hearing."  Although plaintiff alleges that defendant Delvaux had a conflict of interest, plaintiff alleges several other forms of bias as well.  Even after plaintiff raised that issue in his opposition brief, defendants did not respond to it, so they have forfeited the issue for the purpose of their motion to dismiss.  United States v. Farris, 532 F.3d 615, 619 (7th Cir. 2008) ("Farris failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that Farris waived his sufficiency of the evidence challenge.").  However, defendants are free to include a more developed argument in the context of a motion for summary judgment.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants William

Swiekatowski, Gary Boughton, Patrick Brandt, Michael Delvaux and William Pollard, dkt. #20, is DENIED.

Entered this 27th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge