IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as Dennis E. Jones-El,

                                                   ORDER

               Plaintiff,

                                           13-cv-638-bbc

       v.

WILLIAM SWIEKATOWSKI, GARY BOUGHTON,
PATRICK BRANDT, MICHAEL DELVAUX
and WILLIAM POLLARD,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In 2007, pro se prisoner Mustafa-El K.A. Ajala was disciplined for various offenses such as gang activity and conspiring to riot. In this case brought under 42 U.S.C. § 1983, plaintiff alleges that the charges were fabricated to retaliate against him for filing a grievance about prison conditions and to discriminate against him on the basis of race and religion. In addition, he contends that defendants Michael Delvaux and Patrick Brandt, the hearing officers at plaintiff's disciplinary hearing, violated his right to due process because they were biased against him.

      Defendants have filed a motion for summary judgment, along with a motion to file several documents in camera. Dkt. ##32 and 33. The parties are still briefing the summary judgment motion, but their motion to file documents is ready for review.

      Defendants wish to file in camera a number of confidential informant statements that

1

were considered at the disciplinary hearing.  Dkt. #  Although plaintiff received summaries of those statements, he did not get the statements themselves or the identities of the witnesses.  Delvaux Dec., dkt. #38, ¶ 11.  In their motion, defendants argue that the identities of the witnesses cannot be made public because the witnesses could be subjected to retaliation from plaintiff or other prisoners who received conduct reports in part because of the witnesses' statements.

As defendants point out, the Court of Appeals for the Seventh Circuit has held that prison officials are not required to disclose information to prisoners when doing so "would entail a security risk."  Piggie v. Cotton, 344 F.3d 674, 679 (7th Cir. 2003).  In response, plaintiff quotes another statement from Piggie that "[w]e have never approved of a blanket policy of keeping confidential security camera videotapes for safety reasons."  Id.  However, that statement is not helpful because a security camera videotape is not at issue in this case.

A number of courts, including the Supreme Court, have recognized the obvious danger of disclosing the identities of confidential informants.  Wolff v. McDonnell, 418 U.S. 539, 568-69 (1974) ("If [a prisoner] proposes to examine an unknown fellow inmate, the danger may be the greatest, since the disclosure of the identity of the accuser . . . may pose a high risk of reprisal within the institution."); Cespedes v. Coughlin, 179 F.R.D. 122, 125 (S.D.N.Y. 1998) (denying motion to compel disclosure of identities of confidential informants, noting that "[t]he possible consequences of revealing the identity of a [confidential informant] could be disastrous" because it could "place the [confidential informant's] life in serious jeopardy"); Casey v. Lewis, 837 F. Supp. 1009, 1023 (D. Ariz.

1993) ("[T]he safety of the confidential informants would be jeopardized by disclosure of their identities."); Cate v. Reynolds, 138 F.R.D. 95, 98 (E.D. Tenn. 1991) (denying motion to compel because "revealing the identities of the informers would jeopardize their lives").

Plaintiff submitted an affidavit in which he avers that he will not assault any of the confidential informants and could not do so anyway because he is in segregation. Dkt. #43. However, I am not aware of any authority suggesting that officials must take a prisoner's word for it in a situation like this one. Even if plaintiff is in segregation now, that would not prevent him from taking action when he is released from segregation or from asking another prisoner to take action on his behalf or prevent other prisoners implicated by the confidential statements from taking action on their own.

Even if I assumed that a plaintiff's need for disclosure could outweigh the security concerns in some circumstances, plaintiff has not shown that the circumstances are present in this case. In fact, plaintiff has not explained why he needs to know the identities of the witnesses or why the summaries of their statements are not adequate. In my own review of the evidence, it did not appear that the hearing officers at the disciplinary hearing relied on any information in the statements that were not included in the summaries. Accordingly, I am granting defendants' motion to file the confidential statements in camera.

Plaintiff raised another issue in his opposition brief, which is that defendants declined to serve on him approximately 80 *other* pages of documents that filed with the court. He points to defendants' certificate of service, which includes the following statement, "Please note that the plaintiff will only be sent pages 1 through 95 of exhibit 102. He may view

pages 96 through 174 at the institution upon request." Dkt. #33-1.

Defendants did not include that issue in their motion and they did not otherwise seek permission from the court to withhold those documents from plaintiff. In fact, defendants provided no justification for that decision.

Under the Federal Rules of Civil Procedure, the general rule is that a party must serve every other party with any documents filed with the court. Fed. R. Civ. P. 5(a)(1). Allowing a party to "request" those documents does not qualify as service. Thus, if a party wishes to deviate from the general rule, he must seek permission from the court. No party is entitled to make a unilateral decision to change the rules. Accordingly, defendants may have until January 5, 2015, to provide pages 96 through 174 of exhibit 102 to plaintiff or to show cause why they should not be required to do so.

If defendants choose to argue that they are not required to serve the documents, they should include in their response a proposed procedure for allowing plaintiff to review the documents, including the name of the person from whom plaintiff should request the documents, how quickly they will be provided, how many times he will be allowed to review them and for how long.

ORDER

IT IS ORDERED that

1. The motion filed by defendants William Swiekatowski, Gary Boughton, Patrick Brandt, Michael Delvaux and William Pollard to file pages 175-90 of exhibit 102 in camera,

dkt. #32, is GRANTED.

2. Defendants may have until January 8, 2015 to serve plaintiff Mustafa-El K.A. Ajala (formerly known as Dennis Jones-El) with pages 96-174 of exhibit 102 or to show cause why they should not be required to do so. If defendants do not serve the documents, plaintiff may have until January 20, 2015, to file a response.

Entered this 31st day of December, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5