IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MUSTAFA-EL K.A. AJALA
formerly known as Dennis E. Jones-El,

                  Plaintiff,

v.

WILLIAM SWIEKATOWSKI, GARY BOUGHTON,
PATRICK BRANDT, MICHAEL DELVAUX
and WILLIAM POLLARD,

                  Defendants.

ORDER

13-cv-638-bbc

---

        In 2007, pro se prisoner Mustafa-El K.A. Ajala was disciplined for various offenses such as gang activity and conspiring to riot. In this case brought under 42 U.S.C. § 1983, plaintiff alleges that those charges were fabricated in order to retaliate against him for filing a grievance about prison conditions and to discriminate against him on the basis of race and religion. In addition, plaintiff contends that defendants Michael Delvaux and Patrick Brandt, the hearing officers at plaintiff's disciplinary hearing, violated his right to due process because they were biased against him.

        On December 12, 2014, defendants filed a motion for summary judgment on all of plaintiff's claims. Dkt. 33. Plaintiff's opposition brief was due on January 12, 2015.

        On January 5, 2015, plaintiff filed a one-page document that he called "Motion to Compel Discovery, for Appointment of Counsel (for Discovery Purposes Only If Need Be) and for an Order Staying his Response to Defendants' Motion for Summary Judgment Pending Their Compliance with Discovery Demands." Dkt. 45. The document included no argument supporting the motion, but plaintiff stated that a supporting brief "shall follow by 1 day in the mail." *Id.* Plaintiff did not explain why he did not file the brief on the same day.

On January 8, 2015, defendants filed a motion to strike plaintiff's motion to compel because he still had not filed a brief supporting his motion, making it impossible for defendants to respond. Dkt. 50. On January 12, 2015, plaintiff filed a document that he called "Motion for an Order Extending Defendants' Brief in Opposition and His Reply Brief by 7 Days," dkt. 51, in which he again promised that the court would receive his motion the next day.

Three days later, on January 15, 2015, the court received plaintiff's supporting brief. The brief was postmarked January 12, 2015, the day plaintiff's summary judgment materials were due. Plaintiff still did not explain why he filed his motion and brief separately, ten days apart.

In the brief, plaintiff argues that he needs the names of various confidential informants in order to properly respond to defendants' motion for summary judgment. In particular, plaintiff says that defendants relied on the testimony of these informants to find him guilty of misconduct and that he needs to question the informants to establish that defendants fabricated the informants' statements in order to cover up defendants' retaliatory motives. If the court declines to order defendants to turn over the names, he asks for appointment of counsel in the alternative.

Because plaintiff has now filed his brief, I am denying as moot defendants' motion to strike and plaintiff's motion for an extension of time and I will set a new briefing schedule on plaintiff's motion to compel. In the meantime, I will stay briefing on defendants' motion for summary judgment pending resolution of plaintiff's motion to compel.

In the future, plaintiff may not file his motion and brief separately. Doing so serves no purpose. It only creates uncertainty for defense counsel and the court. In the event that plaintiff files another motion without supporting argument, the clerk of court is directed to

refrain from setting a briefing schedule on the motion until all supporting materials have been filed.

ORDER

It is ORDERED that:

(1) Defendants' motion to strike plaintiff's motion to compel, dkt. 50, and plaintiff's motion for an extension of time, dkt. 51, are DENIED as moot.

(2) Defendants may have until January 23, 2015 to respond to plaintiff's motion to compel. Plaintiff may have until January 30, 2015, to file a reply.

(3) Briefing on defendants' motion for summary judgment is STAYED pending resolution of plaintiff's motion to compel. Because the motion to compel is stalling the summary judgment motion, the parties should not expect to receive any extensions of time with respect to the motion to compel in the absence of extraordinary circumstances.

Entered this 16th day of January, 2015.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge