IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as Dennis E. Jones-El,

OPINION and ORDER

               Plaintiff,

13-cv-638-bbc

     v.

WILLIAM SWIEKATOWSKI, GARY BOUGHTON,
PATRICK BRANDT, MICHAEL DELVAUX
and WILLIAM POLLARD,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Mustafa-El K.A. Ajala is proceeding on a claim that, in 2007, defendants gave him a false conduct report for gang activity and attempting to incite a riot in order to retaliate him against him for filing a grievance and to discriminate against him because he is an African American and a Muslim.  Plaintiff has filed a motion to compel discovery and for assistance in recruiting counsel, dkt. #53, which is ready for review.  Also before the court are the parties' responses to the court's order to show cause why defendants should not be required to serve on plaintiff pages 96 through 174 of defendants' summary judgment exhibit 102.  For the reasons explained below, I am denying plaintiff's motion in most respects and I am declining to require defendants to allow plaintiff to permanently retain exhibit 102 in his cell as he requests.

1

OPINION

A. <u>Motion to Compel</u>

Unfortunately, plaintiff often does not identify with any specificity the discovery requests to which his motion relates. At one point in his motion, he says that defendants should be required to "provide all discovery requested," dkt. #53, at 8, but he does not develop an argument and tie it to each discovery request, so I am disregarding that statement. If plaintiff files another motion to compel in this case or any other in the future, he should include in his motion the language of the particular discovery requests at issue and organize his arguments according to each request.

In their response brief, defendants construe plaintiff's motion as seeking the following information: (1) unredacted copies of the prisoner confidential informant statements mentioned in the conduct report plaintiff is challenging; (2) the identities of all prisoners interviewed as part of the investigation for the conduct report; (3) the names of the prisoners mentioned in the conduct report at issue but who were not interviewed as part of the investigation; (4) the face cards of all prisoners mentioned in the conduct report; (5) statistics regarding the race of prisoners who received conduct reports for unauthorized group activity at plaintiff's prison and throughout the Wisconsin Department of Corrections; and (6) a better quality copy of a video interview with plaintiff in 2007. In his reply brief, plaintiff does not challenge defendants' understanding of the scope of his motion, so I will limit my consideration to those six issues.

1.  Confidential informant statements

In an order dated December 31, 2014, dkt. #44, I granted defendants' motion to file in camera a number of confidential prisoner informant statements that were part of the investigation for plaintiff's conduct report.  In the order, I cited the statement in Piggie v. Cotton, 344 F.3d 674, 679 (7th Cir. 2003), that prison officials are not required to disclose information to prisoners when doing so "would entail a security risk."  In addition, I noted that, "[a] number of courts, including the Supreme Court, have recognized the obvious danger of disclosing the identities of confidential informants."  Dkt. #44 at 2-3 (citing Wolff v. McDonnell, 418 U.S. 539, 568-69 (1974); Cespedes v. Coughlin, 179 F.R.D. 122, 125 (S.D.N.Y. 1998); Casey v. Lewis, 837 F. Supp. 1009, 1023 (D. Ariz 1993); Cate v. Reynolds, 138 F.R.D. 95, 98 (E.D. Tenn. 1991)).  Finally, I noted that, in this case, the confidential informants are at risk of reprisal not only from plaintiff but also from the other prisoners disciplined at least in part because of the informants' statements.

In their brief in response to plaintiff's motion to compel, defendants cite several other cases in which courts have relied on similar reasoning when refusing to require disclosure of the identities of confidential prisoner informants, even in cases like this one in which the plaintiff says that he needs the information to prove a retaliation claim.  Rodriguez v. Schneider, 56 Fed. Appx. 27, 28 (2d Cir. 2003); Martinez v. Madden, 2014 WL 6388485, at *4 (S.D. Cal. 2014); Westefer v. Snyder, 472 F. Supp. 2d 1034, 1039 (S.D. Ill. 2006). In Martinez, the court noted the additional concern that requiring disclosure of the identities of confidential informants would discourage prisoners from coming forward about safety

threats in the future.

Plaintiff does not even attempt to refute the policy concerns discussed by this court and others regarding the disclosure of information about confidential informants. He cites many cases in his briefs, but it is telling that he does not cite a single case in which a court ordered prison officials to disclose the identities of confidential informants in a civil case. (Obviously, criminal cases are not instructive because the confrontation clause in the Sixth Amendment applies in those cases.)  Although plaintiff attempts to distinguish the cases defendants cite, his attempt is unconvincing.  The circumstances of each case may not be identical to this one, but in all of them the courts determined that the prisoner's interest in proving his claim could not overcome the government's interest in maintaining confidentiality.

Alternatively, plaintiff argues that defendants have "waived" what plaintiff refers to as a "privilege" because the confidential statements were notarized.  Plaintiff relies on cases in which courts have stated that a party may waive a privilege if that party voluntarily discloses information to a third party.  Even if I assume that it is appropriate to consider defendants' efforts to maintain the confidentiality of the informants as a "privilege," plaintiff's argument is frivolous.  Because the sole purpose of notarizing a document is to authenticate it, using a notary does nothing to communicate to the witness or anyone else that the witness's testimony is not confidential.  Not surprisingly, none of the cases plaintiff cites involved circumstances even remotely similar to this case.  In re Grand Jury Proceedings Oct. 12, 1995, 78 F.3d 251, 254 (6th Cir. 1996) (attorney-client privilege waived by

4

disclosing same information to government investigators); <u>Price v. County of San Diego</u>, 165 F.R.D. 614, 622 (S.D. Cal. 1996) (psychotherapist-patient privilege waived when patient put mental state at issue in lawsuit); <u>State v. Dalton</u>, 298 N.W.2d 398, 401, 98 Wis. 2d 725, 732 (Ct. App. 1980) (marital privilege waived when defendant later made same admission to policemen).

Next, plaintiff identifies several prisoner witnesses who he says cannot be labeled accurately as "confidential" because they already have been identified through other means and most of them have provided testimony for plaintiff.  These prisoners are: Todd Hivala, Brandon Hampton, Stanley Felton, Tony Gray, Travis Lamb, Henry Anderson and Joseph Jordan.   Because those prisoners supported plaintiff, it seems unlikely that any of them provided statements to defendants.  No statements from those prisoners are included in the statements submitted to the court <u>in camera</u>.  Dkt. #38-3, exh. 102, at 75-90.  However, because the statements submitted to the court are limited to the statements that defendants used in plaintiff's disciplinary hearing, it is possible that the listed prisoners provided statements that defendants did not use.  Because defendants do not identify any security or relevancy objections for giving plaintiff any statements by the identified prisoners, I will direct defendants to provide those statements or prepare a declaration or affidavit from someone with personal knowledge that none of the listed prisoners provided written or recorded statements in the context of the investigation of plaintiff's conduct report.

Plaintiff seems to make a more general argument that the above list of prisoners is proof that there are more informants who are not actually "confidential," but this argument

5

is unsound.  Of course, any of the informants may choose to identify themselves, but that choice does not prove that any of the other informants wish to be revealed.

Although I am denying plaintiff's motion to compel disclosure of information about the confidential informants in most respects, I note that a review of defendants' motion for summary judgment suggests that plaintiff will suffer little prejudice, if any, without that information.  (Defendants filed their summary judgment motion on December 12, 2014. Dkt. #33.  Further briefing is stayed on the motion pending resolution of plaintiff's motion to compel.  Dkt. #55.)  Plaintiff's claim is that defendants fabricated allegations that he is a gang member and that he attempted to incite a riot because defendants were angry about a group petition he filed.   However, defendants' sole argument regarding plaintiff's retaliation claim is that the petition at issue is not protected by the First Amendment.  Dkt. #34 at 4-11.  If defendants prevail on this argument, then plaintiff cannot prevail on his retaliation claim, even if he shows that defendants fabricated the allegations about gang activity and attempting to incite a riot.  This is because a retaliation claim is limited to acts taken because the plaintiff exercised a constitutional right.  Babcock v. White, 102 F.3d 267 (7th Cir. 1996).  In other words, if the speech in the grievance is not protected by the Constitution, then that speech cannot serve as the basis of a retaliation claim.  Plaintiff cannot prove his claim simply by showing that the conduct report is false.  Lagerstrom v. Kingston, 463 F.3d 621, 624-25 (7th Cir. 2006); McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984).

2.  <u>Prisoners interviewed</u>

This discovery request overlaps substantially with the previous request and the reasons for denying it are the same.  However, defendants do not object to providing the prisoner numbers and addresses of the seven prisoners listed in the previous section so that plaintiff can contact them.

3.  <u>Prisoners listed in conduct report but not interviewed</u>

Defendants do not object to supplementing their discovery responses with respect to this issue, so this part of plaintiff's motion is moot.

4.  <u>Face cards</u>

Plaintiff requested the "face cards" for each prisoner mentioned in plaintiff's conduct report.  Defendants object to this request on the ground that face cards include sensitive information such as health restrictions and disciplinary history.  In his opening brief, plaintiff says that prisoner face cards are "public records," but he does not cite any authority for that view.  Particularly because plaintiff does not explain why he needs any information on the face card other than the prisoner's identification number and current location, I am denying this part of plaintiff's motion.

5.  <u>Racial statistics</u>

In his discovery requests, plaintiff asked for "[t]he number of [conduct reports] with

7

a DOC 303.20 charge [unauthorized group activity] written at GBCI for the period of 2000-2014, and the number of those which were against black prisoners, white prisoners (non-Hispanic), and Hispanic/ latino prisoners or other races." He made the same request for "the entire" Department of Corrections.

Plaintiff does not explain why he wants this information, but presumably he wants to use it to show that his discipline for violating Wis. Admin. Code § DOC 303.20 (now 303.24) was racially discriminatory. However, it is well established that simply showing a statistical disparity does not prove a claim of racial discrimination because there are so many variables other than discriminatory intent that may have caused the disparity and because decisions involving different officials shed little light on the reasons a particular defendant acted as he did. Norman–Nunnery v. Madison Area Technical College, 625 F.3d 422, 431 (7th Cir. 2010); Baylie v. Federal Reserve Bank of Chicago, 476 F.3d 522, 524 (7th Cir. 2007); Nichols v. Southern Illinois University–Edwardsville, 510 F.3d 772, 782 (7th Cir. 2007); Barricks v. Eli Lilly & Co., 481 F.3d 556, 559 (7th Cir. 2007).

In any event, defendants deny that they have records responsive to plaintiff's request. Plaintiff challenges that denial, but the evidence he cites does not support his allegation. First, he cites the appendix of a report published in 2008. Commission of Reducing Racial Disparities in the Wisconsin Justice System 76-77, available at http://www4.uwm.edu/eti/reprints/DisparitiesCommissionAppendix.pdf. (Plaintiff cites a different web address in his motion, but that address no longer exists.) However, the pages he cites relate to statistics prepared for the commission on conduct reports and the

disposition received by white and nonwhite prisoners at one prison (Red Granite Correctional Institution). The statistics are not divided into particular offenses or particular races other than "white" and "nonwhite." Plaintiff points to nothing in the report suggesting that the Wisconsin Secure Program Facility (where plaintiff is housed) or the Department of Corrections generally tracks and records the races of each prisoner who receives a conduct report for a particular offense. Second, plaintiff cites the department's regulation on record keeping, Wis. Admin. Code § DOC 303.86, but, again, that regulation does not state that the department is tracking the information plaintiff is seeking. Accordingly, I am denying this part of plaintiff's motion to compel.


6.  <u>Video interview</u>

Plaintiff says that he wants a better quality copy of a video interview conducted with him in February 2007. In their response, defendants acknowledge the video is "not the best quality," dkt. #57 at 10, but they say that they do not have a different copy that is any better.

Plaintiff does not say why he wants the video and he does not explain how the video could help him prove his claim. Further, he does not argue that, because of the poor quality, he is unable to see or hear anything important in the video. Accordingly, I am denying this aspect of plaintiff's motion as well.

B.  <u>Motion for Assistance in Recruiting Counsel</u>

Under 28 U.S.C. § 1915(e)(1), courts have discretion to assist indigent, pro se litigants in recruiting counsel.  Plaintiff has submitted several rejection letters from lawyers who have declined to represent him in this case.   Dkt. #54, exh. B.  This satisfies his preliminary requirement of showing that he has made reasonable efforts to find a lawyer on his own.  <u>Jackson v. County of McLean</u>, 953 F.2d 1070 (7th Cir.1992).

The remaining question is whether he has shown that the complexity of the case exceeds his ability to litigate the case on his own.  <u>Pruitt v. Mote</u>, 503 F.3d 647, 653 (7th Cir. 2007).  As a general matter, plaintiff's demonstrated litigation skills are far above those of the average pro se litigant.  In this case and many others that plaintiff has litigated on his own, plaintiff has shown that he is able to understand both substantive and procedural law, draft motions and briefs in which he makes complex legal arguments and conduct discovery.

Plaintiff does not deny that he is competent to represent himself, but he says that he needs a lawyer because he is indigent and is housed in segregation.  However, he does not point to particular ways in which his status has prevented him from litigating this case, so that argument is not persuasive, particularly because plaintiff has been in the same situation for a number of years while litigating other cases.

Alternatively, plaintiff says that he needs a lawyer for the limited purpose of helping him with discovery.  He does not explain why, but it may be that plaintiff believes a lawyer would be able to obtain the confidential informant statements.  However, as defendants point out, courts have held that even counsel is not entitled to obtain confidential

information in the prison context.  Westefer, 472 F. Supp. 2d at 1038; Rodriguez, 56 F. App'x at 28; In re The City of New York, 607 F.3d 923, 935-36 (2d Cir. 2010).  Particularly because plaintiff has made no showing the he needs the informant statements in order to oppose defendants' summary judgment motion, I am denying his motion for assistance in recruiting counsel at this time.


## C.  Order to Show Cause

When defendants filed their motion for summary judgment, their certificate of service included the following statement, "Please note that the plaintiff will only be sent pages 1 through 95 of exhibit 102. He may view pages 96 through 174 at the institution upon request." Dkt. #33-1.  Defendants did not seek permission from the court to refrain from personally serving plaintiff pages 96 through 174 of exhibit 102 and they did not explain why they failed to serve him.  Accordingly, I directed defendants to serve plaintiff those documents or show cause why they should not be required to do so.

In their response, defendants explain that pages 96 to 174 are evidence related to the investigation of the conduct report at issue in this case and would be considered contraband if plaintiff were allowed to retain them in his cell after the lawsuit is over.  In addition, defendants represent that plaintiff already has requested the documents and has been reviewing them since December 30, 2014. Dkt. #47.  Because defendants have good cause for not allowing plaintiff to keep the documents at issue and plaintiff has not identified any prejudice he has suffered, I see no reason for a court order.  However, in the future, if

11

defendants wish to deviate from the ordinary method of serving plaintiff or any other prisoner, they must seek permission from the court first.

ORDER

IT IS ORDERED that

1. The motion to compel discovery filed by plaintiff Mustafa-El K.A. Ajala formerly known as Dennis Jones-El, dkt. #53, is GRANTED IN PART. Defendants may have until February 18, 2015 to either (a) provide any written or otherwise recorded statements that Todd Hivala, Brandon Hampton, Stanley Felton, Tony Gray, Travis Lamb, Henry Anderson or Joseph Jordan provided prison officials in the context of investigating the conduct report at issue in this case; or (b) prepare a declaration or affidavit from someone with personal knowledge that none of the listed prisoners provided written or otherwise recorded statements in the context of the investigation of plaintiff's conduct report. In addition, defendants may have until February 18, 2015 to provide the identification numbers and locations of the prisoners listed above and to identify the names, identification numbers and locations of all the prisoners discussed in the conduct report at issue but not interviewed.

2. Plaintiff's motion to compel is DENIED in all other respects.

3. Plaintiff's motion for assistance in recruiting counsel, dkt. #53, is DENIED.

4. Plaintiff may have until March 6, 2015, to file his opposition to defendants' motion for summary judgment. Defendants may have until March 16, 2015, to file a reply. Because plaintiff's new deadline is nearly two months after his original deadline, he should

12

not expect to receive any additional extensions of time in the absence of extraordinary circumstances. Even if plaintiff moves to reconsider any aspect of this order or wishes to conduct followup discovery related to the potential prisoner witnesses discussed in this order, he must comply with the March 6 deadline.

Entered this 10th day of February, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

13