IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as Dennis E. Jones-El,

                          Plaintiff,

     v.

WILLIAM SWIEKATOWSKI,

                          Defendant.

ORDER

13-cv-638-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Mustafa-El Ajala brought this lawsuit in which he challenged discipline that he received for circulating a memorandum in which prisoners were threatening to "strike" from their prison jobs, classes and programs if officials did not meet a long list of demands about improving prison conditions. In addition, officials found that plaintiff's memorandum was related to a conspiracy to start a riot at the prison.

      In an order dated April 10, 2015, I denied the motion for summary judgment filed by defendant William Swiekatowksi and former defendants Gary Boughton, Patrick Brant, Michael Delvaux and William Pollard with respect to plaintiff's claim that defendant Swiekatowski gave plaintiff a conduct report because of his race and religion. However, I granted the motion with respect to all other claims and defendants. In particular, I concluded that plaintiff's First Amendment claim failed because the speech at issue was not constitutionally protected; plaintiff's due process claim was barred by a previous state court judgment and, alternatively, plaintiff had failed to adduce evidence that defendants violated

his right to due process; and plaintiff had not adduced evidence that any defendant other than Swiekatwoski was personally involved in race or religious discrimination.

Now plaintiff has filed a motion for reconsideration on most of the issues decided in defendants' favor. For the reasons discussed below, I am denying the motion in full.

With respect to plaintiff's First Amendment claim, I concluded in the April 10, 2015 order that the petition plaintiff circulated was not protected speech in the prison context because the petition included language that officials could have interpreted reasonably as threatening a prison-wide work stoppage. In his motion for reconsideration, plaintiff says that defendants' conduct was not reasonable because he had been allowed on other occasions to "file a complaint and request a work stoppage." Dkt. #79 at 2. For this proposition, plaintiff cites a grievance from June 2007 in which he argued that the Fair Labor Standards Act gives prisoners the "the right to refuse to work for less" than minimum wage. Dkt. #38-2 at 75. (In fact, "[p]rison and jail inmates are not covered by the FLSA." Sanders v. Hayden, 544 F.3d 812, 813-14 (7th Cir. 2008).) The grievance examiner rejected the grievance on the ground that it "does not raise a significant issue." Id. at 76.

Although plaintiff does not develop his argument, presumably, he means to say that the grievance he filed contained speech similar to the petition he circulated, but he was not punished for the grievance. Therefore, he believes that prison officials are treating the same speech inconsistently and that inconsistency shows that punishing him for circulating the petition is not reasonably related to a legitimate penological interest.

If that is plaintiff's argument, it is not persuasive. There is an obvious difference

between stating a belief in a grievance to prison officials that prisoners have a right to strike and encouraging other prisoners to strike in a widely-circulated petition.  In particular, a respectful debate with officials regarding the rights of prisoners does not have the same security implications because it is much less likely that other prisoners would even see another prisoner's grievance, much less be incited to act on it.  Accordingly, I see no inconsistency in prohibiting prisoners from threatening a work stoppage but allowing them to argue in a grievance that they should have such a right.

With respect to the due process claim, plaintiff reasserts an argument that defendant Delvaux violated his due process rights because Delvaux declined to dismiss plaintiff's conduct report for a typographical error, even though plaintiff says that Delvaux dismissed another prisoner's conduct report for the same reason.  Defendants say that there were many other reasons that the other prisoner's conduct report was dismissed, but even if I accept plaintiff's allegation as true, he cites no authority for the proposition that it is a due process violation to refuse to dismiss a conduct report for a clerical error if one other prisoner was not disciplined.  In any event, plaintiff does not challenge the court's conclusion that plaintiff's due process claim is barred because he raised the same claim in a previous case in state court, so I need not consider this issue further.

Finally, plaintiff says that his race and religion discrimination claim should be reinstated against defendant Pollard, the warden.  In an accompanying declaration, plaintiff says he viewed a video interview between defendant Swiekatowski and another prisoner in which Swiekatowski allegedly stated that  he was keeping defendant Pollard informed about

3

the investigation. Dkt. #80 at ¶ 5. In addition, plaintiff cites another video in which Swiekatowski allegedly stated that he believed that "blacks and Muslims" were behind the alleged conspiracy to start a riot and that Swiekatowski was going to try to help the white prisoner being interviewed avoid a conduct report. Putting these statements together, plaintiff says that it is reasonable to infer that Pollard "knew Black and Muslim prisoners were being targeted and other races were being" treated more favorably. Dkt. #79 at 4.

Even if I assume that there are videos that include the statements cited by plaintiff, his argument fails because he does not cite any evidence that Swiekatowaski told Pollard that Swiekatowski was targeting particular racial groups. Obviously, a statement that Swiekatowski was reporting to Pollard about the progress of the investigation is not an admission that Swiekatowski was reporting discriminatory motives to Pollard as well. Therefore, even if Swiekatowski told a prisoner that he was targeting black and Muslim prisoners, a reasonable jury could not infer from that statement that Swiekatowski reported the same thing to Pollard.

I note that, in his reply brief, plaintiff says that the court should grant his motion for reconsideration because defendants missed their deadline for filing their opposition brief by one week. That argument is not persuasive. It was plaintiff's burden to convince the court that it erred by granting summary judgment on these claims. Thus, even if I disregarded defendants' brief because it was late, I would not grant plaintiff's motion unless he made the necessary showing. Because I am not convinced that any of plaintiff's arguments in his motion for reconsideration have merit, I am denying the motion.

4

ORDER

IT IS ORDERED that the motion for reconsideration filed by plaintiff Mustafa-El K.A. Ajala, formerly known as Dennis Jones-El, dkt. #78, is DENIED.

Entered this 15th day of June, 2015.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge