IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as Dennis E. Jones-El,

                               Plaintiff,

     v.

WILLIAM SWIEKATOWSKI,

                               Defendant.

ORDER

13-cv-638-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se prisoner Mustafa-El K.A. Ajala is proceeding on a claim that defendant William Swiekatowski gave plaintiff a conduct report because of his race and religion. Trial is scheduled for August 24, 2015. Now before the court is a document called "Amicus Curiae Motion/Order to Interven[e] for Discovery Sanctions" filed by a prisoner named Titus Henderson, who is not a party in this case. Dkt. #96.

       In the document, Henderson alleges that prison officials transferred him to a different prison in order to stop him from communicating with plaintiff about this case. In addition, Henderson says that officials have confiscated emails and other documents from him that relate to this case. In particular, he says the documents show that defendant and other officials target African American prisoners for undeserved disciplinary treatment.

       Henderson does not describe the contents of the documents in any detail and he does not explain how he obtained the documents or why he believes that his transfer has anything

1

to do with plaintiff. However those questions might be answered, I cannot take action on Henderson's motion because he is not a party in this case, which means he does not have standing to seek relief on plaintiff's behalf. It is not clear whether plaintiff even wants any assistance from Henderson. Further, Henderson does not contend that he has any legal interest in the claim that plaintiff is raising in this case, so Henderson cannot intervene as a new party. Fed. R. Civ. P. 24.

To the extent Henderson believes that prison officials are violating his constitutional rights, he is free to file his own lawsuit. However, to the extent that Henderson believes that officials are violating *plaintiff's* rights, that is an issue for plaintiff to raise. Henderson says that officials confiscated his legal materials on May 20, 2015 and he does not allege that prison officials have refused to allow him to correspond with plaintiff, so Henderson could have informed plaintiff of any problems and let plaintiff decide whether to seek court assistance.

Henderson says that he sent plaintiff a copy of his motion, so if plaintiff was not aware of Henderson's concerns before, he should be aware of them now. (I have included a copy of Henderson's filing with this order as well.) If plaintiff wants to file a motion related to the concerns in Henderson's filing, he may have until August 5, 2015 to do so. If plaintiff does not file anything on this issue by that date, I will construe plaintiff's silence to mean that he is not pursuing the issue. Because trial is one month away, defendant should be prepared to respond promptly in the event that plaintiff files a motion.

ORDER

IT IS ORDERED that Titus Henderson's motion, dkt.#96, is DENIED because he is not a party to the case and he does not have the right to intervene.

Entered this 24th day of July, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3