IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as Dennis E. Jones-El,

                               Plaintiff,

          v.

WILLIAM SWIEKATOWSKI,

                             Defendant.

OPINION AND ORDER

13-cv-638-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Mustafa-el Ajala, a Wisconsin prisoner, brought this case against defendant William Swiekatowski, a correctional officer, contending that defendant violated the equal protection clause by giving plaintiff a conduct report because he is an African American and a Muslim.  On August 25, 2015, a jury rendered a verdict in favor of defendant. Dkt. #149.  In particular, the jury answered "no" when asked whether plaintiff's race or religion was one of the reasons that defendant gave plaintiff the conduct report.  Id. Judgment was entered the following day.  Dkt. #150.

Now before the court is plaintiff's motion for a new trial on two grounds.  Dkt. #154. First, plaintiff says that he is entitled to a new trial under Fed. R. Civ. P. 59(b) because the jury's verdict is against the manifest weight of the evidence.  Second, he says that he is entitled to a new trial under Fed. R. Civ. P. 60(b)(3) because defendant gave perjured testimony.  Because plaintiff has not met the standard under either rule, I am denying his

motion for a new trial.

OPINION

A. Rule 59(b) Motion

I will consider first plaintiff's argument that the verdict is against the weight of the evidence.  To prevail on such a claim, a party must do more than show that the verdict is wrong.  Whitehead v. Bond, 680 F.3d 919, 928-29 (7th Cir. 2012).  Rather, he must show that no rational jury could have rendered the verdict or that the verdict shocks the conscience.  Plyler v. Whirlpool Corp., 751 F.3d 509, 513 (7th Cir. 2014); Willis v. Lepine, 687 F.3d 826, 836-37 (7th Cir. 2012).  Plaintiff has not met that standard.

Plaintiff's conduct report arose out of a petition that plaintiff drafted in which he encouraged other prisoners to refuse to work if officials did not meet a long list of demands regarding prison conditions.  After conducting an investigation, defendant determined that plaintiff's petition was part of a larger conspiracy to riot and take hostages.  Defendant issued a conduct report to plaintiff and six other prisoners for taking part in the conspiracy.  All of the seven prisoners were Muslim and all but one of them was an African American.

In the order denying defendant's motion for summary judgment, I noted that defendant had failed to adequately explain why he charged mostly black and Muslim prisoners, even though he alleged in plaintiff's conduct report that prisoners of many different races were involved in the alleged conspiracy.  At trial, defendant's explanation was that he had stronger evidence against plaintiff and the other prisoners who received conduct

reports.  In particular, defendant stated that plaintiff was the author of the petition and distributed it throughout the prison.  In addition, several confidential informants implicated plaintiff in the conspiracy.  Defendant said that he did not have sufficient corroboration of involvement for the prisoners who did not receive a conduct report.

In his motion, plaintiff argues that the verdict was against the weight of the evidence for three reasons: (1) Thomas Campbell, who assisted defendant with the investigation, admitted that there was "corroboration" for the allegations against some of the prisoners who did not receive conduct reports; (2) there was no corroboration for the allegations against Tony Gray, a black and Muslim prison who received a conduct report for being part of the conspiracy to riot; and (3) during pretrial proceedings, defendant submitted documents to the court in which he falsely described plaintiff's petition as including threats of violence.  None of these arguments entitle plaintiff to a new trial under Rule 59.

As an initial matter, plaintiff misstates the parties' burdens at trial.  Plaintiff says that his burden was to show that "he was treated differently from members of other racial and/or religious groups" and defendant's burden was "to show a non-racial and/or non-religious reason for doing so."  Plt.'s Br., dkt. #155, at 3.  Both of these assertions are inconsistent with the special verdict form and case law.

Plaintiff's burden was not simply to show that he was treated differently.  Rather, his burden was to show that defendant treated him differently *because* of his (plaintiff's) race or religion.  Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256, 279 (1979).  In particular, the Supreme Court has held that a plaintiff who raises a claim under the equal

protection clause must show that the characteristic at issue was a "motivating factor" for the defendant's conduct.  Hunter v. Underwood, 471 U.S. 222, 228 (1985).  See also Smith v. Wilson, 705 F.3d 674, 681 (7th Cir. 2013).  I have interpreted that standard to mean that a plaintiff must prove that the characteristic was "one of the reasons" that the defendant treated the plaintiff less favorably, e.g., Walker v. Board of Regents of University of Wisconsin System, 300 F. Supp. 2d 836, 850 (W.D. Wis. 2004), and that is the standard on the special verdict form.  Although plaintiff does not challenge the language in the special verdict form, his proposed standard requires him to prove disparate *impact* without having to prove discriminatory *intent*.  It is well established that a showing of disparate impact is not sufficient to prove an equal protection violation.  Snowden v. Hughes, 321 U.S. 1, 8 (1944) ("[A]dministration by state officers . . . resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination.");  Bond v. Atkinson, 728 F.3d 690, 692-93 (7th Cir. 2013) ("[D]isparate impact does not violate the equal protection clause of the fourteenth amendment and cannot be redressed by suits under § 1983.").

Plaintiff's assertion regarding defendant's burden is incorrect as well.  Defendant did not have to prove *anything* unless plaintiff proved that his race or religion was one of the reasons that defendant gave him the conduct report.  At that point, the burden would shift to defendant to show that he would have given plaintiff the conduct report even if plaintiff had been of a different race or religion.  Smith, 705 F.3d at 681.  However, because the jury

4

found plaintiff had not met his burden, it did not need to reach that issue.

Plaintiff's misstatement regarding the parties' relative burdens is relevant to plaintiff's motion because plaintiff says that he met his burden by obtaining an admission from defendant that all of the prisoners who received conduct reports were black or Muslim. That shows disparate impact, but it does not show *why* defendant issued those conduct reports. It remained plaintiff's burden to prove that defendant gave the conduct report to plaintiff because of his race or religion or both. Thus, to prevail on his motion, plaintiff must show that *he* submitted strong evidence of discriminatory intent, not simply that defendant failed to disprove discrimination.

I turn now to plaintiff's first argument, which is that the verdict was against the weight of the evidence because Thomas Campbell, who assisted defendant with the investigation, admitted that there was "corroboration" for the allegations against some of the prisoners who did not receive conduct reports. This argument is a nonstarter because plaintiff does not point to any testimony in which either defendant or Campbell stated that they gave conduct reports to any prisoner if there was any kind of corroboration for that prisoner's involvement in the conspiracy. Rather, defendant and Campbell made a more specific point, which is that they did not credit the testimony of a confidential informant unless that testimony was corroborated by at least one other confidential informant.

In his motion, plaintiff does not identify the prisoner or prisoners who allegedly should have received conduct reports. Presumably, he is talking about Billy Ford, who was the subject of much of plaintiff's cross examination of Campbell. During that examination,

plaintiff directed Campbell's attention to one paragraph in plaintiff's conduct report that refers to an allegation by a confidential informant that Ford was a gang leader who was "going to make shanks" so that his gang could "start a fight against rivals" and "take [correctional officers] hostage." Dkt. #147-1 at 5. Because officers later found shanks, plaintiff believes the informant's statement was sufficiently corroborated to justify a conduct report. However, Campbell explained that the shanks were found in a common area, so they could not be connected to Ford. Further, because there was only one confidential statement against Ford, defendant and Campbell believed there was not enough evidence to justify a conduct report against him. In any event, plaintiff does not argue that the evidence against Ford was stronger than the evidence against him, so his first argument is not persuasive.

Plaintiff's second argument, that defendant had no corroboration for the allegations against Tony Gray, is another nonstarter. Plaintiff does not argue in his motion that there was insufficient evidence against *him* to justify a conduct report. Rather, he says that he is entitled to a new trial because there was insufficient evidence to justify a conduct report against another prisoner who was also black and Muslim. However, the question in this case was whether defendant discriminated against *plaintiff* because of his race and religion. Showing that defendant may have acted unfairly against another prisoner might provide some support for an allegation of discrimination, Hasan v. Foley & Lardner LLP, 552 F.3d 520, 529 (7th Cir. 2008), but that is a far cry from a finding that the verdict shocks the conscience or that no rational jury could have credited defendant's testimony that he gave plaintiff the conduct report because he honestly believed there was sufficient evidence to

show that plaintiff had committed the alleged misconduct.  Lewis v. City of Chicago Police Dept., 590 F.3d 427, 443-44 (7th Cir. 2009) ("[T]he remaining issue at trial was whether there were acts of discrimination or retaliation aimed at [the plaintiff], not anybody else. Accordingly, the judge correctly held that evidence of discrimination and retaliation against other employees would be of limited value.").

Defendant and Campbell described the evidence on which they relied (primarily plaintiff's own admissions and multiple confidential informant statements); they identified black prisoners who were accused in plaintiff's conduct report, but were not disciplined because of lack of evidence; they noted that higher ranking officials reviewed the allegations in the conduct report and allowed it to proceed; and they explained that they could have been disciplined if they had falsified a conduct report.  Perhaps the contrary evidence plaintiff cites would have allowed a reasonable jury to find in plaintiff's favor, but I cannot say that the evidence was so one-sided as to require a new trial.

Finally, I am not persuaded that plaintiff is entitled to a new trial because defendant stated in pretrial documents that he believed plaintiff's petition included threats of violence.  First, even if defendant's description of the petition was inaccurate, defendant provided a copy of the petition to the court and it was received as an exhibit at trial.  Dkt. ## 147 and 38-2 at 96.  Because the petition speaks for itself, there was no risk that defendant's description would mislead the court or the jury.  Second, plaintiff does not allege that defendant described the petition inaccurately *at trial*. The only reason the jury knew about defendant's description of the petition in pretrial documents is that plaintiff cross-examined

defendant about the pretrial documents.  Third, and most important, plaintiff does not explain how defendant's inaccurate description shows that the jury's verdict goes against the weight of the evidence.  If defendant had testified falsely about the contents of the petition, that would be evidence undermining his credibility, but it would not show that he had discriminated against plaintiff because of his race or religion.

In his reply brief, plaintiff argues that his motion should be granted because defendant's arguments in his opposition brief relied on a mistaken belief that plaintiff was seeking judgment as a matter of law under Fed. R. Civ. P. 50 rather than a new trial under Fed. R. Civ. P. 59.  Plaintiff was clear in his motion that he was relying on Rule 59 rather than Rule 50, so defendant's mistake is puzzling.  However, regardless whether defendant argued the correct standard, it was plaintiff's burden to convince the court that he was entitled to a new trial.  Thus, even if I disregarded defendants' brief, I would not grant plaintiff's motion unless he made the necessary showing.  Because plaintiff did not make that showing, I am denying his motion for a new trial under Rule 59.

## B.  Rule 60(b)(3)

"To obtain relief under Rule 60(b)(3), a party must show that she has a meritorious claim that she was prevented from fully and fairly presenting at trial as a result of the adverse party's fraud, misrepresentation, or misconduct."  Wickens v. Shell Oil Co., 620 F.3d 747, 758-59 (7th Cir. 2010).  Plaintiff relies on Rule 60(b)(3) to repeat his argument that he is entitled to a new trial because defendant misrepresented the contents of the prisoner

petition.  However, plaintiff does not explain how defendant's misrepresentation prevented plaintiff from fully and fairly presenting his claim.  Again, the jury was able to view the petition for themselves; plaintiff does not allege that defendant testified at trial that the petition included threats of violence; and the only reason the jury knew that defendant had made such a statement in pretrial documents was that plaintiff brought the issue up.  Therefore, I see no way that the misrepresentation could have had any effect on the jury except to undermine defendant's credibility.  Plaintiff has not pointed to any way in which the alleged misrepresentation helped defendant win the case.  Accordingly, I am denying plaintiff's Rule 60 motion as well.

Plaintiff cites Jimenez v. Madison Area Technical College, 321 F.3d 652 (7th Cir. 2003), to support his argument, but that case had nothing to do with Rule 60.  Rather, the court dismissed the plaintiff's claims under Fed. R. Civ. P. 11 as a sanction for trying to support frivolous claims with falsified documents.  Id. at 656-57.  In this case, plaintiff never sought sanctions under Rule 11 and there has been no finding that defendant's conduct was "willful and malicious."  Id. at 57.  Accordingly, Jiminez is not on point.

ORDER

IT IS ORDERED that plaintiff Mustafa-el Ajala's motion for a new trial, dkt. #154,

is DENIED.

Entered this 5th day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge